IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRCT OF NEW HAMPSHIRE

_____
                                                              )
BONNIE McGRENAGHAN,                        )
                                                              )
      Plaintiff,                                    )
                                                              )
v.                                                            )        Case No. 1:15-cv-00271-SM
                                                              )
FEDERAL NATIONAL MORTAGE              )
ASSOCIATION,                                         )
                                                              )
      Defendant.                                 )
_____

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

Plaintiff, Bonnie McGrenaghan ("Plaintiff"), by and through her attorneys, Kyle P. Griffin, Esq., and Craig N. Salomon, Esq., hereby object to Defendant, Federal National Mortgage Association's ("Defendant" or "Fannie Mae") Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and in support thereof states follows:

## I.     INTRODUCTION

The Plaintiff brought an action in the Superior Court of Rockingham County, New Hampshire ("Superior Court") entitled "Ex Parte Petition for Temporary and Permanent Injunction and Other Relief ("Complaint")." The temporary relief being sought by the Plaintiff was to enjoin a foreclosure auction of her property scheduled for June 29, 2015. A hearing was held in the Superior Court the morning of June 29, 2015. The Superior Court, J. David Anderson, entered an Order on that same date temporarily enjoining the foreclosure auction. On July 10, 2015, the Defendant removed the case to the U.S. District Court, District of New Hampshire.

The Defendant has now filed a Motion to Dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## II.      BRIEF STATEMENT OF MATERIAL FACTS

The Plaintiff and her ex-husband, John McGrenaghan, were owners and joint tenants with the right of survivorship of a single family residence located at 101 High Street, Stratham, County of Rockingham, State of New Hampshire by virtue of a deed dated September 29, 1998 and recorded in the Rockingham County Registry of Deeds at Book 3328, Page 2403 (the "Premises"). The Plaintiff and John McGrenaghan executed a mortgage to Wilmington National Finance, Inc. on September 28, 2001, which was recorded in the Rockingham County Registry of Deeds at Book 3652, Page 2167. The mortgage secured a promissory note ("Note")  executed by John McGrenaghan. The Plaintiff did not sign the Note.

The mortgage on the Premises has been assigned four times of record at the Rockingham County Registry of Deeds: (a) to Countrywide Home Loans, Inc., on October 19, 2001, and recorded on March 15, 2002 at the Rockingham County Registry of Deeds at Book 3739, Page 1200; (b) to Federal National Mortgage Association, on November 21, 2011, and recorded on November 23, 2011 at the Rockingham County Registry of Deeds at Book 5264, Page 1765; (c) to Bank of America, NA on February 19, 2014, and recorded on February 26, 2011 at the Rockingham County Registry of Deeds at Book 5515, Page 14; and (d) to Federal National Mortgage Association, on May 11, 2015, and recorded on May 22, 2015 at the Rockingham County Registry of Deeds at Book 5620, Page 0099.

Pursuant to the terms of a Divorce Decree dated October 4, 2011, the Plaintiff was awarded the Premises free and clear of all right, title and interest of John McGrenaghan. John McGrenaghan conveyed the Premises to the Plaintiff by deed dated January 20, 2012.

In January of 2012, the Plaintiff learned for the first time that John McGrenaghan had not being making the monthly payments of principal, interest and escrow as required under the Note. The Plaintiff received a foreclosure letter at the Premises from Fannie Mae's then foreclosure counsel, Mark Lampert, as to a pending foreclosure date and the amount necessary to reinstate the loan; however the letter was only addressed to John McGrenaghan. On January 11, 2012, the Plaintiff escrowed the amount to reinstate the mortgage ($22,790.79) into her counsel's trust account and petitioned the Superior Court to enjoin the foreclosure.

The Plaintiff at all relevant times had the ability to pay the initial reinstatement amount on the mortgage and pay the mortgage on a monthly basis thereafter. The Plaintiff contacted Fannie Mae requesting permission to assume the loan and/or to obtain information regarding the status of the loan. Fannie Mae refused both requests.

The Superior Court enjoined the 2012 foreclosure and the matter remained pending in the Superior Court until it was dismissed by the court in 2014 after Fannie Mae had assigned the mortgage to Bank of America. (*Rockingham County Superior Court Docket No. 218-2012-CV-00030*).   The case was dismissed because the defendant no longer owned the mortgage and had no standing to foreclose.

John McGrenaghan, who was the sole signatory to the Note secured by the mortgage on the Premises, filed for bankruptcy protection pursuant to Chapter 7 of the United States Bankruptcy Code on November 25, 2013. On January 9, 2014, John McGrenaghan's bankruptcy schedule was amended to include the obligation on the Note. John McGrenaghan received  his bankruptcy discharge. His obligation to Fannie Mae was among the discharged obligations. Fannie Mae received notice of the amended bankruptcy filing and did not appear in the bankruptcy court or file a Proof of Claim.

When Bank of America assigned the mortgage back to Fannie Mae on May 11, 2015, the Defendant again instituted foreclosure proceedings pursuant to *N.H. Rev. Stat. Ann. § 479:25*.

## III.     ARGUMENT

### a.  Applicable Legal Standard

The Defendant has moved to dismiss the Plaintiff's Petition for Temporary and Permanent Injunction and Other Relief pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In reviewing a Rule 12(b)(6) motion to dismiss, the Court examines whether the complaint states a claim for which relief can be granted when construing the well-pleaded facts in the light most favorable to the plaintiff, accepting their truth and drawing all reasonable inferences in the plaintiff's favor. *Vaello-Carmona v. Siemens Medical Solutions USA, Inc*., 781 F.3d 1, 3 (1st Cir. 2015). The complaint "must contain sufficient factual matter to state a claim that is plausible on its face." *Feingold v. John Hancock Life Ins. Co. (USA)*, 753 F.3d 55, 59 (1st Cir. 2014).  Whereas, the facts pled in the Plaintiff's Complaint contain sufficient factual matter to state a claim upon which relief may be granted, the Court should deny the Defendant's Motion to Dismiss Plaintiff's Complaint.

### b.  Relief Sought by Plaintiff

The foreclosure auction scheduled for June 29, 2015 was temporarily enjoined by the Superior Court on June 29, 2015; therefore the Plaintiff is now seeking the following additional relief in her Complaint:

(i)  Fannie Mae has no current legal right to foreclose the mortgage or otherwise attempt to collect any monies from the Plaintiff;

(ii)  Pursuant to Paragraph 11 of the Mortgage, the Plaintiff should be entitled to recover her costs and attorney's fees in connection with this case; and

(iii) In the alternative to the above referenced relief, FNMA shall be ordered to reform the note and mortgage to allow Plaintiff to assume the note and mortgage, waiving all late charges and attorney's fees incurred after January 11, 2012 and without accelerating any unpaid payments between January 11, 2012 and the date hereof." (*See also Complaint pg. 6*).

**c.   Plaintiff's Claims Against Foreclosure**

The Plaintiff has set forth four counts in support of her requested relief from this Court: (i) Defective Documentation; (ii) Bad Faith; (iii) Lack of an Enforceable Mortgage; and (iv) Equity.

**(i)        Defective Documentation**

The Plaintiff has alleged that Fannie Mae should establish proper chain of title to the Note and mortgage before it is allowed to foreclose. The Defendant has asserted that the Plaintiff has no standing to challenge an assignment of the mortgage on grounds that would render the assignment, at most, voidable rather than void. The Plaintiff's allegation that no corporate history for Countrywide Homes Loans, Inc., has been provided to establish that the Assignee from Wilmington was the assignor to Fannie Mae provides an independent basis for voiding the mortgage and/or assignments. The Plaintiff's central allegation regarding the assignments is that Fannie Mae should produce a proper chain of title of the assignments through discovery before it is allowed to foreclose on the Premises.   The 2014 New Hampshire Bar Association Title Examination Standards, adopted by the Board of Governors on November 20, 2014, and effective December 31, 2014, provide that the state of incorporation should be recited in corporate documents.  The assignment from Wilmington to Countrywide left blank the state of incorporation but recited that its address was in California.  When Countrywide assigned its

rights to Fannie Mae, Countrywide was asserted to be a New York corporation.  The application of Title Standard 4-13 would result in a title examiner not being able to rely on this assignment without further information.  The further information has been requested through formal discovery and refused.

Further, the transfer from Wilmington National Finance, Inc. to Countrywide Home Loans included an assignment of the Note, (termed as "Allonge") executed by a "designated signer."  Title Standard 8-2 would allow a title examiner to rely on a recitation if she were an authorized agent.   A "designated signer" would require further investigation.

Generally, a footnote to Title Standards 8-2, 3 and 4, relating to the existence, capacity and authority of foreign corporations, recites that the record documents may be relied upon in the absence of conflicting or inconsistent information.  The identity of Countrywide Home Loans, Inc., as it relates to the State of incorporation is, on the record, internally inconsistent and should not be relied upon.

The issue of determining whether the Plaintiff has standing to challenge defective assignments and chain of title is more appropriate for summary judgment after discovery has been exchanged. If the assignments are shown to be void, and not merely voidable, the Plaintiff has established a claim against the Defendant for which relief can be granted.

**(ii)     Bad Faith**

The Plaintiff's claim for bad faith is grounded in the covenant of good faith and fair dealing. The covenant of good faith and fair dealing is implied in all contracts executed or performed in New Hampshire. *Tessier v. Rockefeller*, 162 N.H. 324, 338 (2011). The mortgage created a contract between the Plaintiff and Fannie Mae. The various implied good-faith obligations fall into three general categories: (1) contract formation; (2) termination of  at-will

employment agreements; and (3) limitation of discretion in contractual performance. Id. This case involves the third category. While the third category is comparatively narrow, its broader function is to prohibit behavior inconsistent with the parties' agreed-upon common purpose and justified expectations as well as " with common standards of decency, fairness and reasonableness." *Birch Broadcasting, Inc. v. Capitol Broadcasting Corp., Inc.*, 161 N.H. 192 (2010).   Among other things, Fannie Mae has been willing to accept reinstatement payments from the plaintiff but has been unwilling to share with her any information about the loan or to provide her with documentation which would allow her to take the mortgage interest and real estate tax deductions on her federal income tax.

Paragraph 22 of the mortgage, even if applicable, requires a 30-day notice of default with an opportunity to cure.  Fannie Mae failed to abide by this provision; no such 30-day notice was sent in connection with the instant attempt to foreclose.  Based upon the facts set forth in the Plaintiff's Complaint there is sufficient allegations that Fannie Mae has not acted with common standards of decency, fairness and reasonableness since initiating foreclosure proceeding on the Premises in 2012.

The Plaintiff has established a claim against the Defendant for violation of the covenant of good faith and fair dealing for which relief can be granted.

**(iii)     Lack of Enforceable Mortgage**

The Defendant did not directly address the Plaintiff's claim that Fannie Mae cannot foreclose on the Premises due to lack of an enforceable mortgage; however the Plaintiff reaffirms those allegations.

The Note secured by the mortgage on the Premises was discharged through the bankruptcy of John McGrenaghan. The Plaintiff did not sign the Note. The underlying debt on

the Note has been extinguished through John McGrenaghan's bankruptcy.   That in the absence of an underlying obligation, the mortgage, which is a mere incident to the underlying obligation, should not be enforced. *Southern v. Mendum*, 5 NH 420, 432 (1831).

The language of mortgage precludes the Defendant from foreclosing on the Premises. Paragraph 13(b) of the mortgage provides that the Plaintiff is not personally liable for the debt. Paragraph 13(a) of the mortgage establishes that the Plaintiff's signature on the mortgage was only "to convey the co-signer's interest in the Property under the terms of the Security Instrument." The mortgage is defined as the "Security Instrument."  Since the Note was discharged through bankruptcy and now legally void, the mortgage is unenforceable.

The Plaintiff has established a claim against the Defendant for lack of an enforceable mortgage for which relief can be granted.

**(iv)    Equity**

The Plaintiff has set forth equitable claims to support the requested relief from the Court. It is the historic purpose of equity to secure complete justice…."(*N.H. Donuts, Inc. v. Skipitaris*, 129 N.H. 774, 783 (1987)).  "The court has broad and flexible powers which allow it to shape and adjust the precise relief to the requirements of the particular situation. A court of equity will order to be done that which in fairness and good conscience ought to be or should have been done. It is the practice of the courts of equity, having jurisdiction, to administer all relief which the nature of the case and facts demand." *Claremont School Dist. v. Governor*, 144 N.H. 590, 594 (1999).

Fannie Mae's attempt to foreclose on the Premises should also be barred by the doctrine of unclean hands. "The party to a suit, complaining that his opponent is in court with 'unclean hands' because of the latter's conduct . . . must show that he himself has been injured by such

conduct, to justify application of the principle to the case. The wrong must have been done to the defendant himself and not to some third party." *Cornwell v. Cornwell*, 116 N.H. 205, 210 (1976). That a fundamental principle of equity is that real estate is unique and that a plaintiff defending herself against an attempt to take her real estate has no adequate remedy at law.

The Plaintiff has established equitable claims against the Defendant to enjoin the foreclosure of the Premises and reform the mortgage and note for which relief may be granted.

### d. Plaintiff's Claims Are Not Time-Barred Pursuant to N.H. Rev. Stat. Ann. § 508:4

*N.H. Rev. Stat. Ann. § 508:4* provides: "Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, **the action shall be commenced within 3 years of the time the plaintiff discovers**, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of." (emphasis added).

The foreclosure on the Premises was set to take place June 29, 2015. The allegations set forth in the Complaint only became ripe once Fannie Mae, again, sought to foreclose on the Premises; therefore the allegations contained within the Complaint are within the statute of limitations.

Also, the Plaintiff only discovered the issue regarding a deficiency on the Note in January of 2012. The Plaintiff immediately filed for injunctive relief to enjoin the foreclosure auction. The matter remained pending in the Superior Court until 2014, when it was subsequently dismissed by the Superior Court. It is well-settled in this jurisdiction that, for purposes of tolling the statute of limitations, "a suit is to be considered as commenced, or brought, when the writ is

sued or completed, in order to have it served on the defendant." *Brady v. Duran*, 119 N.H. 467, 469 (1979). The Defendant's statute of limitations defense regarding the Plaintiff's allegations of Misrepresentation and/or Negligence on the part of Fannie Mae fail statutorily and on precedent of New Hampshire case law.

Further, it is well established that the applicable statute of limitations regarding mortgage foreclosures is that contained in RSA 508:2. Thus, the argument and citations of the defendant are inapplicable. The statute of limitations is 20 years, pursuant to RSA 508:2-I from the date of John McGrenaghan's initial default in 2012.

**e.  The Plaintiff Does Not Assert a Specific Damage Claim for Negligence against Fannie Mae**

The Defendant moves to dismiss claims of negligence that the Plaintiff has asserted against Fannie Mae pursuant to the economic loss doctrine and for failure to state a cognizable claim for relief. Although the Plaintiff asserts that Fannie Mae or its predecessors in title may have been negligent in not having the Plaintiff execute the Note at the time the mortgage was executed, the only claim for damages asserted by the Plaintiff is pursuant to Paragraph 11 of the mortgage, which allows for recovery of attorney's fees and costs to the prevailing party of any litigation commenced because of a dispute over the mortgage. The Plaintiff's claim to recover the costs of litigation and reasonable attorney's fees is a contract claim and not based on negligence.

**IV.  CONCLUSION**

For the foregoing reasons, Bonnie McGrenaghan respectfully requests this Honorable Court to deny Fannie Mae's Motion to Dismiss.

Respectfully submitted,
BONNIE MCGRENAGHAN
By her attorneys,

Date: August 14, 2015   /s/ Kyle P. Griffin
          Kyle P. Griffin, Esq. (N.H. Bar No. 19329)
          Keane & Macdonald, P.C.
          1000 Market Street, Bldg. 2, Suite 7
          Portsmouth, New Hampshire 03801
          Phone: (603) 436-6500
          Fax: (603) 431-4643
          kyle@keanemacdonald.com

Date: August 14, 2015   /s/ Craig N. Salomon
          Craig N. Salomon, Esq.
          P.O. Box 427
          North Hampton, N.H. 03862
          (603) 926-5555
          cnslaw@comcast.net

## CERTIFICATE OF SERVICE

    I hereby certify that on this 14th day of August, 2015, I served the forgoing document electronically through ECF to the following counsel of record.

Thomas J. Pappas, Esq.
P.O. Box 3600
Manchester, N.H. 03105-3600
(603) 626-3300
tpappas@primmer.com

          /s/ Kyle P. Griffin
          Kyle P. Griffin
          N.H. Bar No. 19329

11