UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Bonnie McGrenaghan,
    Plaintiff

    v.                           Case No. 15-cv-271-SM
                                   Opinion No. 2015 DNH 227
Federal National Mortgage
Association,
    Defendant

**O R D E R**

Bonnie McGrenaghan initially filed this action in state court, seeking to temporarily and permanently enjoin the Federal National Mortgage Association ("FNMA") from foreclosing its mortgage deed to her home. She also sought an order compelling FNMA to reform the underlying promissory note (which was executed by only her former husband) to allow her to assume it. The state court temporarily enjoined FNMA from foreclosing upon McGrenaghan's property - a foreclosure that had been scheduled for June 29, 2015.

FNMA removed the case to this court, invoking the court's diversity subject matter jurisdiction. See 28 U.S.C. § 1441(b). See also 28 U.S.C. § 1332. It now moves to dismiss all claims advanced in McGrenaghan's petition, asserting that none states a viable cause of action. See Fed. R. Civ. P. 12(b)(6).

McGrenaghan objects. For the reasons discussed, FNMA's motion is granted in part, and denied in part.

### Standard of Review

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader." SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010). Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege each of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted).

In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, the facts alleged in the complaint must, if credited as true, be sufficient to "nudge[] [plaintiff's] claims across the line from conceivable to

plausible." Id. at 570.  If, however, the "factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Tambone, 597 F.3d at 442.

A final point bears making, given the fact that the parties rely upon several documents in support of their respective positions (e.g., the promissory note, the mortgage deed, various assignments of those documents, etc.).  Typically, a court must decide a motion to dismiss exclusively upon the allegations set forth in the complaint (and any documents attached to that complaint) or convert the motion into one for summary judgment. See Fed. R. Civ. P. 12(d).  There is, however, an exception to that general rule:

> [C]ourts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.

Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (citations omitted).  See also Trans-Spec Truck Service v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008); Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).  Since neither party disputes the authenticity of the various documents referenced in the petition and attached to defendant's motion to dismiss, the

3

court may properly consider those documents without converting FNMA's motion into one for summary judgment.

## Background

Accepting the petition's factual allegations as true - as the court must at this juncture - the relevant background is as follows.  In September of 2001, John McGrenaghan (plaintiff's former husband) secured a loan from Wilmington National Finance, Inc. in the amount of $277,000.  That loan was evidenced by a promissory note (the "Note"), which Mr. McGrenaghan executed. The obligation to repay that loan was secured by a mortgage deed to the McGrenaghans' residence in Stratham, New Hampshire (the "Mortgage").  Both Mr. McGrenaghan and plaintiff, who were married at the time, executed the Mortgage.[1]

---

[1]    The Mortgage plainly anticipated that there are circumstances, like those presented in this case, in which only one person is obligated under the promissory note, but multiple parties sign the security instrument (e.g, mortgage deed).  It provides that:

> [A]ny Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by the Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Mortgage (document no. 6-3) at para. 13.

In October of 2011, plaintiff and Mr. McGrenaghan were divorced.  Pursuant to the terms of their divorce decree, plaintiff was awarded the couple's Stratham residence. Accordingly, in January of 2012, Mr. McGrenaghan conveyed all of his interest in that property to plaintiff.  The property did, however, remain subject to the Mortgage and, of course, Mr. McGrenaghan remained obligated under the terms of the Note.  But, says plaintiff, it was then that she first learned that Mr. McGrenaghan had not been making timely monthly payments of principal and interest as required by the Note: she received a notice of foreclosure from FNMA and a statement of the amount necessary to reinstate the loan ($22,790.79).  Plaintiff says she immediately placed that sum into her counsel's trust account and petitioned the Superior Court to enjoin the foreclosure.[2]

The state court enjoined the foreclosure and the matter remained pending for approximately two years, until FNMA assigned the Mortgage to Bank of America, thereby destroying its own legal standing to pursue the foreclosure.  Following FNMA's assignment of the Mortgage, the state court dismissed the action.

---

[2]     According to the petition, plaintiff "is unwilling to release the reinstatement money from escrow until such time that her right to continue to occupy the home and to receive monthly statements and all other pertinent information relating to the loan is established either by the agreement of the Defendant or by order of the court."  Petition (document no. 1-1) at para. 13.

Meanwhile, in November of 2013, Mr. McGrenaghan filed for bankruptcy protection pursuant to Chapter 7 of the Bankruptcy Code.  His obligation to repay the loan evidenced by the Note was among those that were discharged in bankruptcy.  Approximately eighteen months later, Bank of America assigned the Mortgage back to FNMA, which re-instituted foreclosure proceedings.  This litigation ensued.

## Discussion

Plaintiff advances several theories in support of her claim that FNMA lacks authority to foreclose (or that it should be equitably estopped from foreclosing) the mortgage deed.  First, she claims that there are irregularities in the various assignments of the Mortgage, through which FNMA ultimately acquired it.  Consequently, says plaintiff, FNMA lacks standing to exercise the Mortgage's statutory power of sale.  Next, she claims that bad faith on the part of FNMA and/or its predecessor(s) in title prevented her from simply assuming the obligation evidenced by the Note and, therefore, FNMA should be precluded from enforcing the terms of the Mortgage.  And, finally, she says that because the personal obligation to repay the loan evidenced by the Note was discharged in her former husband's bankruptcy, the Mortgage (which secures that

obligation) is no longer enforceable.  None of those claims has
merit.

    Nevertheless, as discussed below, plaintiff's petition
adequately alleges the essential elements of a viable claim for
breach of contract sufficient to partly survive defendant's
motion to dismiss.


I.   <u>Enforceability of the Mortgage</u>.

    It is, perhaps, most appropriate to begin by addressing
plaintiff's claim that the Mortgage is no longer enforceable
because her former husband's obligations under the Note were
discharged in bankruptcy.  That assertion, at least under the
facts alleged in the petition, is legally incorrect.


    The United States Supreme Court explained the issue quite
succinctly as follows:

        To put this question in context, we must first say more
        about the nature of the mortgage interest that survives
        a Chapter 7 liquidation.  A mortgage is an interest in
        real property that secures a creditor's right to
        repayment.  But unless the debtor and creditor have
        provided otherwise, the creditor ordinarily is not
        limited to foreclosure on the mortgaged property should
        the debtor default on his obligation; rather, the
        creditor may in addition sue to establish the debtor's
        <u>in</u> <u>personam</u> liability for any deficiency on the debt
        and may enforce any judgment against the debtor's
        assets generally.  A defaulting debtor can protect
        himself from personal liability by obtaining a

7

discharge in a Chapter 7 liquidation.  However, such a
discharge extinguishes <u>only</u> "the personal liability of
the debtor."  11 U.S.C. § 524(a)(1).  Codifying the
rule of <u>Long v. Bullard</u>, 117 U.S. 617 (1886), the Code
provides that a creditor's right to foreclose on the
mortgage survives or passes through the bankruptcy.

<u>Johnson v. Home State Bank</u>, 501 U.S. 78, 82-83 (1991) (citations

omitted) (emphasis in original).  <u>See also</u> <u>Arruda v. Sears,</u>

<u>Roebuck & Co.</u>, 310 F.3d 13, 21 (1st Cir. 2002) ("It is hornbook

law that a valid lien survives a discharge in bankruptcy unless

it is avoidable and the debtor takes the proper steps to avoid

it.").

     The petition does not allege that the Mortgage was avoided

in Mr. McGrenaghan's bankruptcy proceeding.  Consequently, while

his <u>personal</u> obligation to repay the Note may have been

discharged in his bankruptcy, the Mortgage securing that

obligation was not affected and remains enforceable.

II.  <u>Allegedly "Defective Documentation" Relating to the
     Mortgage</u>.

     Next, plaintiff alleges that FNMA lacks standing to enforce

the mortgage because it has not established "proper chain of

title to the Note and Mortgage."  Plaintiff's Memorandum

(document no. 7-1) at 5.  <u>See generally</u> Petition (document no. 1-

1) at paras. 8-9.  Specifically, plaintiff challenges the legal

validity of the various assignments by which FNMA acquired the

8

Mortgage.  In support of that claim, plaintiff asserts that some assignments of the Mortgage lack a statement of corporate history for various parties to those assignments, others fail to recite the state of incorporation for various parties, and at least one assignment was signed by a person who failed to properly document her authority to execute the document on behalf of her corporate employer.

At most, however, the alleged deficiencies identified by plaintiff would render the challenged assignments voidable, rather than void.  See, e.g., Bradley v. Wells Fargo Bank, N.A., 2014 WL 815333 at *3, 2014 DNH 041 (D.N.H. Mar. 3, 2014).  And, as this court has repeatedly noted, a mortgagor lacks standing to challenge such deficiencies.  See O'Sullivan v. Deutsche Bank Nat'l Trust Co., 2015 WL 5382568, 2015 DNH 175 (D.N.H. Sept. 14, 2015) (collecting case).  See also Calef v. Citibank, N.A., 2013 WL 653951, at *4 n.4, 2013 DNH 023 (D.N.H. Feb. 21, 2013) ("As this court has previously explained, a borrower lacks standing to challenge the transfer of a note on grounds that would merely render the transfer voidable (as opposed to void).") (citations omitted); Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 354 (1st Cir. 2013) ("claims that merely assert procedural infirmities in the assignment of a mortgage, such as a failure to abide by the

terms of a governing trust agreement, are barred for lack of standing.") (citations omitted).


III. <u>Equitable Claims and the Covenant of Good Faith and Fair Dealing</u>.

Plaintiff's equitable claims are vague, and her legal memorandum does little to clarify them.  She appears to assert that general equitable principles should apply to estop FNMA from foreclosing the Mortgage.  She also appears to advance a claim that FNMA breached the implied covenant of good faith and fair dealing implicit in all New Hampshire contracts.  Largely for the reasons set forth in defendant's memoranda, plaintiff's petition fails to set forth the essential elements of an equitable claim that FNMA's (alleged) unclean hands preclude it from enforcing the terms of the Mortgage.  It also fails to state the essential elements of a viable claim for breach of the implied covenant of good faith and fair dealing.


IV. <u>Breach of Contract</u>.

Although the petition does not specifically caption it as such, a viable breach of contract claim is, at least arguably, adequately pled.  <u>See</u> Petition at para. 20.  Specifically, plaintiff alleges that, prior to instituting foreclosure proceedings, FNMA breached paragraph 22 of the Mortgage by

failing to give the "borrowers" notice of default under the Note and at least 30 days within which to cure that default.[3]

Because FNMA does not address plaintiff's breach of contract claim in its motion to dismiss or its supporting memorandum, and because neither party has submitted copies of the relevant notices that FNMA served upon Mr. McGrenaghan and/or plaintiff prior to instituting the most recent foreclosure proceedings, plaintiff's breach of contract claim is at least minimally sufficient to survive defendant's motion to dismiss. Such a claim better lends itself to resolution on summary judgment, when the parties will have the opportunity to present the court with a more comprehensive factual record of the documentation FNMA sent plaintiff and/or her former spouse prior to instituting foreclosure proceedings.

---

[3]     Although it is entirely unclear from the petition, plaintiff may simply be claiming that, while her former husband (the borrower under the Note) received such notice and an opportunity to cure, she did not receive similar notice. If that is her claim, it would seem to be precluded by paragraph 15 of the Mortgage, which provides that, "Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise." Mortgage (document no. 6-3) at para. 15. See also id. at paras. B (defining "Borrower" to include plaintiff) and 13 (noting that, to secure repayment of the Note, plaintiff conveyed her interest in the subject property as a surety).

**Conclusion**

For the foregoing reasons, and largely for the reasons set forth in FNMA's legal memoranda, FNMA's motion to dismiss (document no. 6) is granted as to all claims advanced in plaintiff's petition, with the exception of one: breach of contract. Because the petition sets forth the essential elements of a viable breach of contract claim, and because neither party has submitted documentation that would refute that claim, it is sufficient to survive defendant's motion to dismiss.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

December 10, 2015

cc:  Craig N. Salomon, Esq.
     Kyle P. Griffin, Esq.
     Thomas J. Pappas, Esq.

12