UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Bonnie McGrenaghan,
      Plaintiff

      v.                                Case No. 15-cv-271-SM
                                        Opinion No. 2016 DNH 183
Federal National Mortgage
Association a/k/a Fannie Mae,
      Defendant


                            **O R D E R**


      The court's order dated December 10, 2015 (document no. 11) resolved all issues pending in this case save one. The relevant factual background is discussed in that order and need not be recounted here. It is sufficient to note that the court liberally construed plaintiff's complaint and concluded that, at least arguably, it asserts a breach of contract claim with respect to whether plaintiff was provided with adequate notice of default and/or afforded 30 days in which to cure, as (allegedly) required by the Note and the Mortgage. The defendant now moves for summary judgment on that sole remaining contract claim.


      It is undisputed that the requisite notice of default, and an opportunity to cure, were timely given to plaintiff's former

                                   1

husband, who was the only person obligated on the Note. Plaintiff did not execute the Note and was not personally obligated to repay it. Consequently, the terms of the Note did not provide her with any contractual entitlement to notice of her former husband's default.

Plaintiff did, however, execute the Mortgage and, by so doing, she pledged her interest in the family home as security for her husband's obligations under the Note. And, for purposes of enumerating the parties' respective rights and obligations, the Mortgage defines plaintiff as a "Borrower." See Mortgage (document no. 6-3) at 1 (definitions). See also id. at para. 13 (specifically contemplating the situation in which only one person is obligated on the Note, but multiple parties execute the security instrument). The Mortgage also provides that "Notice to any one Borrower shall constitute notice to all Borrowers unless applicable law expressly requires otherwise." Id. at para. 15; see also Order dated December 10, 2015, at 11 n.3.

Given the undisputed facts of record, it is plain that plaintiff received all notice to which she was entitled. First, she does not argue that any "applicable law" supersedes the provisions of the loan documents and requires that she receive

2

personal notice of her former husband's default and an opportunity to cure. And, with respect to the Mortgage, its unambiguous terms provide that plaintiff is deemed to have received notice of her former husband's default and an opportunity to cure once that information was properly and timely provided to him. See Mortgage, at paras. 15 and 22.[1]

To the extent plaintiff asserts that she (or her former husband) was entitled to a <u>new</u> notice of default and/or a <u>renewed</u> opportunity to cure after the original foreclosure was cancelled but before it was subsequently rescheduled, this court has specifically held that mortgagors are not entitled to such duplicate notices and/or repeated opportunities to bring defaulted loan obligations current. See <u>Galvin v. EMC Mortg. Corp.</u>, No. 12-cv-320-JL, 2013 WL 1386614, at *6 (D.N.H. April 4, 2013) (construing language in a mortgage deed that is substantially similar to the language at issue here). See also Mortgage, at para. 22 ("If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by the

---

[1] Parenthetically, the court notes that there is no dispute that plaintiff had actual notice that the loan was in default and was given the opportunity to bring the loan current (and thereby avoid foreclosure). Her breach of contract claim is more precisely targeted – she asserts that she did not receive the <u>type</u> of notice she says the loan documents require.

3

Security Instrument <u>without further demand</u> and may invoke the Statutory Power of Sale and any other remedies permitted by Applicable Law.") (emphasis supplied).

## Conclusion

There are no genuinely disputed issues of material fact and for the reasons stated, as well as those advanced by defendant in its legal memoranda (document nos. 17-1 and 22), it is clear that defendant is entitled to judgment as a matter of law on the sole remaining claim in plaintiff's complaint. Given the facts of record, the arguable breach of contract claim identified by the court is not viable.

Defendant's motion for summary judgment (document no. 17) is granted. The Clerk shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

                                                   _/s/ Steven J. McAuliffe_
                                                   Steven J. McAuliffe
                                                   United States District Judge

October 17, 2016

cc: Craig N. Salomon, Esq.
     Kyle P. Griffin, Esq.
     Thomas J. Pappas, Esq.